IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN SHIPP and JOYCE SHIPP,
Individually and On Behalf of All Others
Similarly Situated                                                                               PLAINTIFFS

v.                                         Case No. 4:14-cv-04003

FARMERS INSURANCE EXCHANGE
d/b/a FARMERS INSURANCE GROUP                                                         DEFENDANT

# ORDER

Before the Court is Defendant's Motion for Judgment on the Pleadings, (ECF No. 35), and Plaintiffs' response in opposition (ECF No. 43). The Court has also considered Plaintiffs' Motion for leave to File Amended Complaint and Supplemental Exhibit. (ECF Nos. 42 & 45). Defendant has responded in opposition to this motion. (ECF No. 51). For the reasons stated herein, Plaintiffs' Motion for Leave to File an Amended Complaint should be DENIED, and Defendant's Motion for Judgment on the Pleadings should be GRANTED.

I. Background

The named Plaintiffs, John Shipp and Joyce Shipp ("the Shipps"), were under a homeowner's insurance policy issued by the Defendant Farmers Insurance Exchange ("Farmers"). The Shipps suffered a covered loss to their insured property on April 1, 2008. On April 7, 2008, Farmers estimated the cost to repair the property at $5,369.94, a total that included the cost of labor and materials. Farmers paid the Shipps the "actual cash value" of their loss, which was $3,293.55 after subtracting depreciation and the amount of the deductible. The depreciated amount included both the cost of labor and materials. The Shipps, in their Complaint, argue that Arkansas law prohibits an insurance company from depreciating the cost of labor. Therefore, by depreciating this cost, Plaintiffs claim that Farmers (1) breached its contract with Plaintiffs and (2) was unjustly enriched.

II.  Motion for Judgment on the Pleadings

The Court will assess Defendant's Motion for Judgment on the Pleadings using its Complaint as originally filed in state court in Miller County, Arkansas.[1]  Defendant has requested the Court dismiss this claim pursuant to Federal Rule of Civil Procedure 12(c).  Specifically, Defendant asserts that Plaintiffs' breach of contract claim is barred as a matter of law by the applicable five-year limitations period, and Plaintiffs' unjust enrichment claim is barred as a matter of law by the applicable three-year limitations period.  Defendant asserts that these holdings are consistent with rulings recently issued by this Court in other labor depreciation cases containing identical fraudulent concealment allegations.

Under Arkansas law, a breach of contract claim arising out of a written contract is subject to a five-year statute of limitations.  Ark. Code. Ann. § 16-56-111(b); *Chalmers v. Toyota Motor Sales, USA Inc.*, 935 S.W.2d 258, 261 (Ark. 1996).  Unjust enrichment carries a three-year statute of limitations. Ark. Code. Ann. § 16-56-105.  These statutes begin running on the date the breach or injury occurs, not when it is discovered, unless the limitations period is tolled.  *Chalmers*, 326 Ark. at 901.  Both breach of contract and unjust enrichment, as alleged by the Plaintiffs, would have occurred at the time Farmers allegedly required the Plaintiffs to pay more than what they should have paid in accordance with their contract, April, 2008.  Because more than five years passed from that time until this action was filed in November 2013, both the breach of contract and unjust enrichment claims should normally be dismissed due to the running of the limitations period for such claims.

However, the applicable statutes of limitations may be tolled on the basis of fraudulent

---

[1] The Court finds that an amendment to the Complaint to plead more specific allegations of fraud would be futile, as discussed under Section III, *infra*.

concealment. Once it is clear from the face of the complaint that an action is barred by an applicable statute of limitations, the burden shifts to the Plaintiff to prove that the limitation period was in fact tolled. *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880-81 (8th Cir. 2011) (citing *Paine v. Jefferson Nat'l Life Ins. Co.*, 594 F.3d 989, 992 (8th Cir. 2010) (applying Arkansas law)). The Plaintiffs' burden here is preponderance of the evidence. *First Pyramid Life Ins. Co. of Am. v. Stoltz*, 311 Ark. 313, 317-18, 843 S.W.2d 842, 844 (1992). In order to toll a limitation period on the basis of fraudulent concealment, there must be: "(1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence." *Paine*, 594 F.3d at 992 (quotation omitted).

    This Court finds that the Plaintiffs have not shown by a preponderance of the evidence that the Defendant's failure to disclose the Plaintiffs' rights under Arkansas law is the type of "affirmative and fraudulent act[] of concealment" required to toll statutes of limitations in Arkansas. The "classic language on point" in Arkansas regarding fraud sufficient to toll the statute of limitations is as follows:

> No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed or perpetrated in a way that it conceals itself.

*First Pyramid*, 311 Ark. at 319, 843 S.W.2d at 845 (quoting *Wilson v. GECAL*, 311 Ark. 84, 841 S.W.2d 619 (1992) (citations omitted)). In their Complaint, Plaintiffs assert that they reasonably and justifiably relied on Defendant's representations that they had received all they were entitled to recover under their policies. They allege that Defendant had a duty to disclose to Plaintiffs that they were entitled to recover the full cost of labor necessary to repair or replace their property. While the Plaintiffs have pled that the Defendant's actions were dishonest, there is no allegation in the Complaint of anything that was so "furtively planned and secretly executed" that would prevent the Plaintiffs from

discovering the cause of action within the limitations period because it was "perpetrated in a way that it conceals itself." Therefore, the Plaintiffs fail to show by a preponderance of the evidence that their allegations rise to the level of fraud required to toll the statute of limitations in Arkansas.

Alternatively, Plaintiffs' allegations are insufficient to toll the statue of limitations because they fail to allege when and how the fraud was discovered. "Fraud suspends the running of the statute of limitations . . . until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." *Martin v. Arthur*, 3 S.W.3d 684, 687 (Ark. 1999) (quotation omitted). Part of the Plaintiffs' burden is to show that they could not, with the exercise of reasonable diligence, have discovered the alleged unlawful conduct earlier, as well as affirmatively plead when and how the fraud was discovered. *See Summerhill*, 637 F.3d at 880-81 (citing *Wood v. Carpenter*, 101 U.S. 135, 140-41 (1879) ("If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made, and why it was not made sooner. . . . The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence.")).

Plaintiffs' conclusory allegation that "[b]ecause of Defendant's actions, Plaintiffs and other Class Members could not have known they had been underpaid on their claims through the exercise of due diligence" does not reveal why they could not discover the fraud, when it was discovered, or the manner by which it was discovered. There is no demonstration of why the exercise of diligence would not have revealed the fraud within the limitations period. In fact, Plaintiffs allege that it is consistent with "longstanding legal principles[] that materials are subject to depreciation while labor is not." (ECF No. 3 ¶17). Additionally, by failing to allege when and how they discovered Farmer's alleged fraud, Plaintiffs have failed to plead sufficient facts to demonstrate that fraudulent concealment

would toll the time period sufficiently to save their otherwise time-barred claims. *See Summerhill*, 637 F.3d at 880-81; 51 Am. Jur.2d Limitation of Actions § 184 ("One may not avoid the effect of the statute of limitations on the ground of fraudulent concealment if he or she fails to plead or offer evidence as to when he or she discovered the alleged fraud.").

Accordingly, Defendant's Motion for Judgment on the Pleadings (ECF No. 35) should be granted.

### III.  Motion for Leave to Amend

Plaintiffs have requested that they be granted leave to file their first amended complaint to conform their complaint to the federal pleading requirements and to address deficiencies alleged by Defendant in its Motion for Judgment on the Pleadings. Defendant asserts that Plaintiffs' proposed amendment would be futile, Plaintiffs have been dilatory in seeking leave to amend, and permitting an amendment at this stage would delay resolution of this matter.

The Federal Rules of Civil Procedure instruct the Court to grant leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a)(2). This is a lenient standard. There is, however, no absolute right to amend a pleading. *Becker v. Univ. of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999) (citing *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 224 (8th Cir. 1994)). Leave should be denied where there are compelling reasons "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* at 907–08 (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

Whether an amendment in this case would be futile turns on whether Plaintiffs have alleged sufficient facts in their Amended Complaint to support a claim for fraud in Arkansas which would toll

the statute of limitations period. Defendant asserts that even if Plaintiffs have viable claims for breach of contract or unjust enrichment, their proposed Amended Complaint does not cure the limitations bar for those claims. Specifically, Defendant asserts that Plaintiffs have not alleged facts demonstrating their exercise of reasonable diligence or when they learned of Farmers' alleged fraud. The Court agrees that Plaintiffs' proposed Amendment Complaint would be futile.

In order to toll a limitation period on the basis of fraudulent concealment, Plaintiffs must demonstrate in their Amended Complaint facts supporting the following: "(1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence." *Paine*, 594 F.3d at 992 (quotation omitted). This Court finds that the Plaintiffs' proposed First Amended Complaint (ECF No. 42-1) does not show facts that Farmers's failure to disclose the Plaintiffs' rights under Arkansas law is the type of "affirmative and fraudulent act[] of concealment" required to toll statutes of limitations in Arkansas.

While the Amended Complaint sets forth more facts and couches the fraud in a different light, it still fails to demonstrate facts that would lead the Court to believe that there has been something so "furtively planned and secretly executed" that would prevent the Plaintiffs from discovering the cause of action within the limitations period because it was "perpetrated in a way that it conceals itself."

In their proposed Amended Complaint, Plaintiffs allege that Defendant had a duty to disclose to Plaintiffs and other class members that they were entitled to recover the full cost of labor necessary to repair or replace their property in their ACV payments. They allege that, "[b]ecause of Defendant's actions, Plaintiffs and other Class Members could not have known they had been underpaid on their claims through the exercise of due diligence. Even if Plaintiffs had been aware that labor could not be depreciated, and was recoverable in full, there was nothing in the documents provided to Plaintiff

that disclosed that labor was in fact being depreciated." (ECF No. 41-1, p.9). Thus, Plaintiff is alleging that Defendant's "furtively planned" fraud is to conceal that the labor was depreciated by including in its estimate a generalized "depreciation" amount. Plaintiffs assert that, though Defendant has the capability of informing them of the depreciation amount of labor, they chose not to do so in their document correspondence with Plaintiffs. The Court finds that this failure to disclose a line item on a document is not the type of actively concealed fraudulent action that Arkansas courts require to toll the statute of limitations.

Even if the fraud as alleged in the proposed Amended Complaint was sufficient under Arkansas law, Plaintiffs must allege how and when the fraud was discovered. "Fraud suspends the running of the statute of limitations . . . until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." *Martin v. Arthur*, 3 S.W.3d 684, 687 (Ark. 1999) (quotation omitted). Part of the Plaintiffs' burden is to show that they could not, with the exercise of reasonable diligence, have discovered the alleged unlawful conduct earlier, as well as affirmatively plead when and how the fraud was discovered. *See Summerhill*, 637 F.3d at 880-81 (citing *Wood v. Carpenter*, 101 U.S. 135, 140-41 (1879).

Plaintiffs allege that they were unaware that they had a claim or even the possibility of a claim until consulting with counsel and having their estimate reviewed on August 2, 2013. They assert that they were incapable of discovering the fraud by the exercise of reasonable diligence before consulting an attorney. There is no demonstration of why the exercise of diligence would not have revealed the fraud within the limitations period. In fact, Plaintiffs allege that the information was readily available to the insurance company. They offer no explanation as to why they waited a period of over five years to request a copy of their documents. They have not shown the Court any facts which lead the Court

to believe that, through the exercise of reasonable diligence, that they could not have discovered the claim earlier. The Court agrees with Defendant that the statute of limitations is not tolled until the time Plaintiffs consult an attorney. *See Wright v. Heyne*, 349 F.3d 321, 331 (6th Cir. 2003) ("We reject Plaintiffs' argument that the three-year limitation period is tolled until the plaintiff consults with an attorney and learns from the attorney that he has a claim for breach of ERISA fiduciary duties" . . . "[i]f the statute were tolled until an attorney informs the plaintiff that he or she has an ERISA claim, a plaintiff could delay accrual of a claim simply by waiting before consulting an attorney"). Plaintiffs have failed to demonstrate both that they could not, with the exercise of reasonable diligence, have discovered the alleged unlawful conduct earlier, and have failed to affirmatively plead facts which demonstrate when and how the fraud was discovered.

Accordingly, the Court finds that an amendment to the Complaint would be futile and Plaintiff's Motion for Leave to Amend their Complaint should be denied.

### IV. Conclusion

For the reasons stated herein, the Court finds that the Plaintiffs' Complaint falls outside of the statute of limitations, and thus their claims are time-barred. Additionally, Plaintiffs' attempt to cure through their proposed Amended Complaint would be futile. Accordingly, Defendant's Motion for Judgment on the Pleadings (ECF No. 35) is hereby GRANTED, Plaintiff's Motion for Leave to Amend (ECF No. 42) is hereby DENIED, and this case is DISMISSED in its entirety.

**IT IS SO ORDERED**, this 12th day of May, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge